FILED

NOT FOR PUBLICATION

OCT 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW R. LINDNER, individually, as surviving parent and legal heir of Camila Lynete Lindner, a deceased minor and JOSEPH L. BENSON, II, Esquire, as guardian ad litem for Paulina Granados-Martinez, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware corporation; et al., <br><br> Defendants, <br><br> And <br><br> EVENFLO COMPANY, INC., a Delaware corporation, <br><br> Defendant - Appellee. | No. 12-15470 <br><br> D.C. No. 2:10-CV-00051-LDG-VCF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted September 11, 2014
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Matthew Lindner and Joseph Benson (collectively "Lindner") brought this Nevada product defect action against Evenflo Company individually and on behalf of members of the Lindner family who were injured in a vehicle rollover accident in Mexico. During that accident, baby Camila Lindner was ejected from the vehicle and killed while strapped into an Evenflo car seat. The district court granted Evenflo's motion to exclude the testimony of Lindner's experts on design defect and causation, and granted summary judgment in favor of Evenflo. We reverse on both grounds.

**1.** We review the admission of expert testimony under Federal Rule of Evidence 702 for abuse of discretion. *Lust v. Merrell Dow Pharmaceuticals, Inc.,* 89 F.3d 594, 596 (9th Cir. 1996). The district judge's order did not disqualify plaintiff expert Dr. Hoffman because he was unqualified or because he used unreliable, unscientific methodology, as Federal Rule of Evidence 702 and the *Daubert* test require. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92 (1993). Rather, the district court determined that there was insufficient

evidence to support Dr. Hoffman's opinion on causation, as Dr. Hoffman had "conceded the lack of any empirical evidence indicating that the release handle would hit the front seat." This conclusion is incorrect because, as Dr. Hoffman testified during his deposition, his opinion was based on his observation of the empirical evidence: "the release handle of that [child car] seat" was "exposed to the passenger front seat," and the "passenger front seat. . . .was also deformed and slightly inclined." Therefore, the district court abused its discretion in finding that Hoffman's causation theory was insufficiently grounded in evidence.

**2.** We review the grant of summary judgment de novo. *MetroPCS Inc. v. City and County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005). The district court's order does not impugn Dr. Hoffman's opinion that the car seat was defective because its release handle was prone to accidental release. If this defective release handle was activated by objects in the car during the rollover and caused Camila's injuries, as Lindner's other experts opined, that would be sufficient to create a triable issue of fact in this case, since the consumer expectation test is part of Nevada products liability law. *Primiano v. Cook*, 598 F.3d 558, 567 (9th Cir. 2010). Thus, the district court erred in granting summary judgment.

3

The district court's order granting summary judgment to Evenflo Company is REVERSED.

*Lindner v. Evenflo*, No. 12-15470

IKUTA, Circuit Judge, specially concurring:

The district court ruled, in effect, that Dr. Hoffman's opinion on causation would not "help the trier of fact to understand the evidence or to determine a fact in issue," and was not "based on sufficient facts or data." Fed. R. Evid. 702. Because the record shows that no evidence supported Dr. Hoffman's opinion that the release handle (as opposed to the carrier handle) of the child car seat released because it hit the back of the front seat, the district court's ruling was not "illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009). Therefore, the district court did not abuse its discretion in excluding Dr. Hoffman's causation opinion. Nevertheless, even excluding this opinion, there was sufficient evidence to create a genuine issue of material fact regarding design defect and causation. Therefore I concur in the result.